UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-20065-CR-SEITZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JULIO PEREIRA PLATA,          **REPORT AND RECOMMENDATION**

       Defendant.
_____/

On or about May 15, 2009, court-appointed defense counsel Rene Palomino, Jr. ("Counsel") submitted a voucher application numbered FLS 07 1745 with appended time sheets requesting $11,801.16 as final payment for attorney's fees pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a Motion to Approve Payment of Attorney's Fees in Excess of the Statutory Threshold **[dated May 15, 2009]** (the "Motion") in support of his voucher application. Counsel represented Defendant Julio Segundo Pereira Plata ("Defendant") for approximately one (1) year from his appointment on March 28, 2007 until March 5, 2008.

Counsel seeks $11,801.16 in his application, an amount which exceeds the $7,000.00 statutory maximum[1] allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 592]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See*

---

[1] The Criminal Justice Act statutory maximum cap for felony matters during the period December 8, 2004 - October 12, 2008 was $7,000.00. As all of Counsel's work on this matter took place during this time period, the $7,000.00 maximum applies.

28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court, for time "reasonably expended out of court" and "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines.

A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

Again, the applicable CJA maximum allowed for compensation in this non-capital felony case is $7,000.00. Because Counsel's fee request exceeds this maximum allowed compensation amount, I must conclude that this case involved "extended" or "complex" representation and that the amount requested is necessary to provide Counsel with fair compensation. I find that this case was both complex and extended, thus the traditional $7,000.00 cap is inapplicable.

## DISCUSSION

### This Case Was Both Complex and Extended

As I explained above, under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended. This case was complex. The Government alleged that fourteen defendants, including Defendant, conspired to import cocaine, conspired to possess with intent to distribute cocaine and attempted to import cocaine into the United States.

The evidence in this multi-defendant case was voluminous. Discovery in this case consisted of "approximately six thousand four hundred (6,400) pages in documents, forty-five (45) cd's, eighty-one (81) audio cassettes, and two VHS videotapes." (Motion at 1). Counsel spent hours reviewing transcripts and investigative reports, many of which were in Spanish, and reviewing surveillance tapes during the course of this case. (Motion at 1).

Counsel also notes that in addition to the thirteen co-defendants indicted with Defendant, there were also "numerous potential government witnesses" which made "trial

preparation extremely time consuming" in this case. (Motion at 1). The review of documents and testimony related to each of these potential witnesses required the expenditure of additional time by Counsel well in excess of the amount of time required in the average case. (Motion at 1). Moreover, in a case involving so many co-defendants, there was an extensive number of pleadings filed by various co-defendants and the Government.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due to the large number of co-defendants and the voluminous evidence in this case. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case.

I also find that the second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also met here. Although Defendant was originally indicted **[DE # 3]** on January 30, 2004, Defendant was not apprehended until March 19, 2007. Counsel was appointed to represent Defendant on March 28, 2007.

On June 18, 2007, Defendant pled guilty to Counts 1 and 2 of the Indictment. **[See DE # 279]**. The Court originally set sentencing for September 28, 2007 **[See DE # 278]**, however, the Government twice requested that the sentencing proceedings be reset. **[See DE #s 328 & 369]**. Defendant was eventually sentenced on March 5, 2008. **[See DE # 420]**. Defendant was sentenced to 235 months for Counts I and 2 with the sentences to run concurrently. The Court dismissed Count 3 of the Indictment as to Defendant.

Although Defendant eventually pled guilty in this case, Counsel represented Defendant for almost one year. This case required more time for processing than the

average case, and as a result, this case is properly be considered extended. As I have concluded that this matter was complex and the representation provided by Counsel was extended, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $7,000.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel listed 4.0 in-court hours, using the hourly rates of $94/hour and $100/hour, for a total of $382.00. After verifying the in-court hours, the CJA administrator made a small adjustment to the hourly rates and the total dollar amount claimed by Counsel. This resulted in a slight decrease in the total amount sought for in-court hours to $379.00.

The CJA administrator also reviewed the $11,419.16 Counsel billed for 123.9 out-of-court hours. Counsel sought compensation for 30.1 hours for "Interviews and conferences" and 93.8 hours for "Obtaining and reviewing records". Counsel did not bill any time for "Legal research and brief writing", "Travel time" or for "Investigative and other work." Counsel did not request compensation for any "Travel Expenses" or "Other Expenses." The administrator corrected the allocation of the out-of-court time to reflect that Counsel spent 30.6 hours in "Interviews and conferences" and 93.3 hours "Obtaining and reviewing records." The CJA administrator also corrected the hourly rates Counsel listed on the voucher application. As adjusted, the corrected total for out-of-court hours was $11,519.60 (an increase of $100.44) and the proper total for both in-court and out-of-court hours is $11,898.60 (an increase of $97.44).

### In-Court Hours

Counsel seeks $382.00 for 4.0 in-court hours at a rate of $94.00/hour and $100.00/hour spent for court appearances on April 2, 2007, June 18, 2007, and March 5, 2008. The CJA Administrator corrected the hourly rate to be charged for these appearances (calculating 1.5 hours at $92/hour, 1.5 hours at $94/hour and 1.0 hour at $100/hour) and arrived at a new total of $379.00. I approve this amount as reasonable.

### Out-of-Court Hours

Counsel seeks $11,419.16 for 123.9 out-of-court hours, 30.1 hours for "Interviews and conferences" and 93.8 hours for "Obtaining and reviewing records." Although the CJA Administrator made no deductions to the total number of out-of-court hours listed in the voucher, she corrected the hourly rates Counsel utilized for the out-of-court hours in his application. The CJA Administrator determined that Counsel incurred 30.6 hours for "Interviews and conferences" (14.1 hours at $92/hour, 13.0 hours at $94/hour and 3.5 hours at $100/hour) and 93.3 hours for "Obtaining and reviewing records" (59.9 hours at $92/hour and 33.4 hours at $94/hour). The CJA administrator's corrections brought the total amount incurred for out-of-court hours to $11,519.60, an increase of $100.44.

I have reviewed all of the entries listed on the corrected time sheets and the total time claimed for each of the task categories. The out-of-court hours spent by Counsel are appropriate and I conclude that Counsel should be reimbursed for all time spent. Accordingly, I recommend that Counsel be paid a total of $11,519.60 for his out-of-court time.

## CONCLUSION

I commend Mr. Palomino for his professionalism and his willingness to take this and other appointments over the years; the undersigned is appreciative of his efforts. As I explained above, because the representation in this case was both complex and extended, Counsel is entitled to reimbursement in excess of the statutory maximum of $7,000.00. Based upon my review of the time sheets and the Motion to Approve Payment of Attorney's Fees in Excess of the Statutory Threshold, the docket and filings in this case, I RECOMMEND that Counsel be paid $11,898.60 as fair and final compensation for his work on this case. I also RECOMMEND that Counsel's Motion to Approve Payment of Attorney's Fees in Excess of the Statutory Threshold should be **GRANTED**.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 15 day of October, 2009.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Rene Palomino, Jr., Esq.
Lucy Lara, CJA administrator